EDWARD H. KUBO, JR.      # 2499
United States Attorney
District of Hawaii

MARSHALL H. SILVERBERG   # 5111
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii  96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
Email: Marshall.Silverberg@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CURTIS ANDREW WELCH, | ) | CV. NO. 06-00149 DAE |
| | ) | CR. NO. 04-00211 DAE |
| Petitioner, | ) | |
| | ) | MEMORANDUM OF THE UNITED |
| vs. | ) | STATES IN OPPOSITION TO THE |
| | ) | PETITION UNDER 28 USC § 2255 |
| UNITED STATES OF AMERICA, | ) | TO VACATE, SET ASIDE, OR |
| | ) | CORRECT SENTENCE BY A PERSON |
| | ) | IN FEDERAL CUSTODY; EXHIBITS |
| Respondent. | ) | 1 & 2; CERTIFICATE OF SERVICE |
| | ) | |

**MEMORANDUM OF THE UNITED STATES IN OPPOSITION TO THE
PETITION UNDER 28 USC § 2255 TO VACATE, SET ASIDE, OR
CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

On April 14, 2006, Curtis Welch filed a "Petition under 28 USC § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody."  On April 21, 2006, this Court issued an Order requiring the government to file an answer to the petition on or before May 21, 2006.  The United States responds as follows.

**I.     Background**

On June 2, 2004, Mr. Welch, having been previously convicted of a misdemeanor crime of domestic violence, was indicted for knowingly possessing in and affecting commerce a firearm and ammunition, to wit, a Mossberg, .410 caliber pump-action shotgun, serial number L900803, and four rounds of Winchester Super X HS .410 caliber ammunition, in violation of 18 U.S.C. § 922(g)(9).  On July 30, 2004, Mr. Welch pleaded guilty to that charge without a plea agreement.  Sentencing was set for April 25, 2005.

On April 12, 2005, Mr. Welch appeared before U.S. Magistrate Judge Kurren for an Order to Show Cause hearing.  The hearing was based on a Petition from Pretrial Services indicating that Mr. Welch had violated the conditions of bail by failing to submit to drug detection testing on October 5, 2004, November 2, 2004, February 4, 2005, February 14, 2005, February 25, 2005, March 7, 2005, March 21, 2005, March 30, 2005, and April 4, 2005.  During the Order to Show Cause hearing, Mr. Welch admitted violating the terms of his release by failing to report.  However, Mr. Welch informed the Court that the reason for his noncompliance was due to an adverse reaction to medicine prescribed to him to treat his Attention Deficit/Hyperactivity Disorder.  Magistrate Judge Kurren found that Mr. Welch had violated the terms of his release but declined to revoke Mr. Welch's bond.  The Court instructed Pretrial Services to report

even a minor violation of the defendant's release, which the Court stated would result in the incarceration of the defendant.

On April 25, 2005, a second Order to Show Cause hearing was held. This time Pretrial Services alleged that Mr. Welch had violated the terms of his release by submitting a urine specimen on April 13, 2005, which was confirmed positive for amphetamine and methamphetamine by the laboratory. Mr. Welch did not admit or contest the allegations. The Court then found that Mr. Welch had committed the violation as alleged by Pretrial Services and ordered Mr. Welch remanded into custody.

On that same day, April 25, 2005, Mr. Welch was sentenced by U.S. District Judge David Ezra. During the sentencing hearing, Mr. Welch denied that he even used drugs, let alone needed drug treatment:

> So I started taking these medications and it did -- threw me a loop and then they changed it and gradually I was getting better in the end and then they told me I was urinating amphetamines, and I was like: I don't know, no, I'm just taking these pills. And then I was going back actually on Friday to tell my doctor, since it was coming up on my urinalysis, that I can't be doing this, I mean I need to change something. They were going to - they're going to have -- they'll come after me. I don't want to have problems.
>
> I mean I've been on it for -- I've been taking urinalysis for a few years now, from the other ones, but I've never had a dirty ever.
>
> So this has really rocked -- blows my world.

Exh. 1 at page 17, line 23 to page 18, line 10.

The defendant's offense level was 12, his criminal history category was IV, and his sentencing range was 21-27 months.  Based upon the multiple violations of bail committed by Mr. Welch, and the representations he made during the sentencing hearing, including his *denial* of drug use, the government asked for a sentence of ten years.  The Court instead imposed a sentence of 36 months.  In imposing sentence, the Court stated:

> I'll tell you what, Mr. Welch, I am going to sentence you to three years because you deserve and need three years so that we can get you into a drug rehabilitation program and we can get you into mental health and mental counseling so that you can come back and be a productive citizen and so you don't end up behind bars for the rest of your life.

Exhibit 1 at page 29, lines 15-20.

The Court later addressed the defendant's parents:

> I can't send him to the Federal Detention Center here in Honolulu for three years because it's too long a term.  I would prefer to do that if I could so that you could visit him here, but unfortunately, because this is a Federal Detention Center, they won't accept him for over two years.  But more important than, that the important programs that I want him to get involved in are not available there.  And I want him to undergo work at a significant mental health facility to help him with his problems and the anger that he has and other issues he has.
>
> These are programs that if he were to be in the private sector would be exceptionally expensive.  But they have accredited psychologists and psychiatrists in the federal system that will help him and hopefully help him get through the issues that he's go and treat any disorder that he might have.  And I want him to be treated appropriately.

Exh. 1 at page 35, line 17 to page 36, line 7.

On March 14, 2006, Mr. Welch filed the instant petition. He argues that the Court imposed a sentence greater than the advisory sentencing range only because the Court wanted the defendant to receive drug treatment and a sentence within the 21-27 months range would have been too short to allow Mr. Welch to qualify for the "RDAP" drug rehabilitation program. He further argues that because his sentence has not been effectuated in the manner intended by this Court, that is, he did not receive appropriate drug treatment, his due process has been violated. Mr. Welch asks this Court to "fix the sentence of 36 months" by vacating it and resentencing him within the guideline range of 21-27 months.

## II.  Argument

### A. This Court does not have jurisdiction pursuant to a § 2255 petition to remedy the implementation of a sentence.

While collateral review of a sentence under 28 U.S.C. § 2255 is broad, it "does not encompass all claimed errors in . . . sentencing." Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995) (quoting United States v. Addonizio, 442 U.S. 178, 185 (1979)). Indeed, where, as here, the claim is to how a sentence is *executed* (i.e., whether Mr. Welch has received the appropriate drug treatment), the proper method for doing so is through a habeas petition under 28 U.S.C. § 2241 in the district in which he is incarcerated. See United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984). In other words, this court does not have jurisdiction over Mr. Welch's claim and it should be dismissed

5

without prejudice to Mr. Welch filing a section 2241 petition in the district in which he is incarcerated. Mr. Welch apparently is aware of the availability of the 2241 petition process because he acknowledges that he can file one challenging his designation to USP Victorville. See Welch Mem. at 4.

        **B.** **Even if this Court has jurisdiction, it should not change Mr. Welch's sentence because he in fact *has* received drug treatment as recommended by the Court.**

There is no doubt that the Court recommended that Mr. Welch receive treatment for drug abuse, as well as mental health treatment. See Exh. 1 at pages 29-36. That goal has been accomplished, at least in part, because, according to the documents the government received from the Bureau of Prisons (and attached hereto as Exhibit 2), Mr. Welch *has* successfully completed a 40-hour drug education course at USP Victorville. See Exhibit 2.

Mr. Welch, however, wants to enroll in the 500-hour Residential Drug Abuse Treatment Program ("RDAP"), presumably because he wants a one-year reduction in his prison sentence. See 18 U.S.C. § 3621(e)(2)(B). He is not eligible for that program, however, because it is not offered at a United States Penitentiary like Victorville where he is incarcerated.

Further, the one-year reduction is discretionary and Mr. Welch might not be eligible for it anyway because he was convicted of a firearms offense. See generally Lopez v. Davis, 531 U.S. 230 (2001) (upholding the Bureau of Prisons policy of denying the one-year reduction to inmates convicted of firearms

offenses). That issue, however, should be decided by the district court reviewing a 2241 habeas petition in the district where Mr. Welch is incarcerated and not here, where there are no witnesses to testify regarding why Mr. Welch was designated for a United States penitentiary instead of an FCI and why he is not eligible for the RDAP.

Moreover, it is more than a little ironic that Mr. Welch is now claiming that his drug problem is so severe that the 40-hour drug treatment course that he has completed is inadequate. At sentencing, Mr. Welch denied that he had *any* drug problem, let alone one that required 500 hours of drug treatment. Either he lied to the Court at time of sentencing or is lying to the Court now. If this case were to result in a resentencing, the government would ask for an *increase* in the defendant's three-year term as a consequence of his obstruction of justice, either at sentencing or now.

### C. Mr. Welch has no due process right to participate in the RDAP program.

Although Mr. Welch attempts to couch his motion as one involving a denial of "due process," neither the Constitution, 18 U.S.C. § 3621(e)(2)(B), nor the BOP regulations regarding the eligibility to the RDAP create a liberty interest in early release. See Cook v. Wiley, 208 F.3d 1314, 1322-23 (11th Cir. 2000). "Because the § 3621(e)(2)(B) sentence reduction is left to the unfettered discretion of the BOP, the statute does not create a constitutionally protected liberty interest." Id. at 1323.

Mr. Welch's real complaint is that he should not be incarcerated at a United States Penitentiary but rather an FCI like Sheridan where he may or may not have access to the RDAP, depending upon how his firearm conviction is viewed. That complaint, however, should be brought via a 2241 habeas petition in the district where he is incarcerated. Mr. Welch recognizes that himself on page four of his memorandum. Therefore, his motion should be dismissed without prejudice and/or transferred to the proper district court.

DATED: May 12, 2006, at Honolulu, Hawaii.

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii


By /s/ Marshall H. Silverberg
  MARSHALL H. SILVERBERG
  Assistant U.S. Attorney

<u>CERTIFICATE OF SERVICE</u>

  I HEREBY CERTIFY that the foregoing document was duly served, by placing said copy in the U.S. mail, postage prepaid, addressed as set forth below:

    CURTIS ANDREW WELCH
    USM # 95221-022
    USP Victorville
    P.O. Box 5500
    Adelanto, CA  92301

    Defendant Pro Se


  DATED:  May 16, 2006, at Honolulu, Hawaii.


            <u>/s/ Cheri Abing</u>