IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| CURTIS ANDREW WELCH, #95221-022, | ) ) ) | CR. NO. 04-00211 DAE<br>CIV. NO. 06-00149 DAE-KSC |
| Petitioner, | ) ) | |
| vs. | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent. | ) ) | |
| _____ | ) | |

ORDER OF TRANSFER

Petitioner Curtis Andrew Welch has filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 ("Motion"). This Court finds that venue for Petitioner's claims does not lie in the District of Hawai`i, and orders that this action be TRANSFERRED to the United States District Court for the Central District of California, Eastern Division, to be properly brought by pursuant to 28 U.S.C. § 2241.[1]

---

[1] The United States filed a Memorandum in Opposition to the Petition. Although Petitioner was given until June 21, 2006, to file a reply, after careful review of the Motion and Opposition, the Court finds that a reply is unnecessary for expedient disposition of this matter.

## BACKGROUND

On July 30, 2004, Petitioner, having previously been convicted of a misdemeanor crime of domestic violence, pled guilty to knowingly possessing in and affecting commerce of a firearm, in violation of 18 U.S.C. § 922(g)(9). Sentencing was set for April 25, 2005.

On April 12, 2005, Petitioner appeared before Magistrate Judge Kurren and admitted to violating the terms of his release by failing to submit to mandatory drug testing on eight separate occasions. Petitioner informed the court his noncompliance was due to an adverse reaction to medicine prescribed to him for Attention Deficit/Hyperactivity Disorder. Magistrate Kurren found that Petitioner violated the terms of his release, but declined to revoke his bond. Pretrial services was ordered to report even a minor violation of Petitioner's release, and Petitioner was informed that any further violation would result in his incarceration.

On April 25, 2005, Petitioner appeared before Magistrate Kurren again, after Pretrial Services reported that Petitioner's April 13, 2005, drug test was confirmed positive for amphetamine and methamphetamine. Petitioner did not admit or deny the allegations. Magistrate Kurren found that Petitioner had violated the terms of his release and remanded him to custody.

On that same day, this Court found that the advisory guidelines for Petitioner's offense were 21-27 months of confinement, while the statutory maximum was 10 years, and sentenced him to 36 months of confinement, to be followed by a 3-year supervised release. This Court recommended that Petitioner be incarcerated at a minimum security facility that could provide Petitioner with mental health treatment and a drug rehabilitation program. This Court determined that a sentence exceeding the advisory guidelines was necessary in order to qualify Petitioner for incarceration at a Federal Correction Institute (FCI) with the type of drug rehabilitation program recommended by the Court.

The Bureau of Prisons (BOP), however, incarcerated Petitioner in a high security penitentiary in Victorville, California. This penitentiary does not offer the year-long "RDAP" drug treatment program in which Petitioner seeks to participate. Petitioner has, however, completed the 40-hour drug abuse program offered by the penitentiary.

On March 14, 2006, Petitioner filed this Motion pursuant to 28 U.S.C. § 2255. Petitioner argues that since the Court's rationale for exceeding the guideline sentence range was so that Petitioner could enter into a drug treatment program, and because he has not been given the level of drug treatment desired, he is serving additional time in the penitentiary in violation of Due Process.

Petitioner requests that this Court reduce the sentence to within the guideline range.

## DISCUSSION

A motion under Section 2255 is appropriate if a prisoner alleges that the sentence itself was in violation of the Constitution or laws of the United States, that the court was without jurisdiction, or that the sentence was in excess of the maximum authorized by law.  28 U.S.C. § 2255.  Thus, a Section 2255 motion pertains to the legality of a sentence, not to the execution of that sentence.  Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001) (citing Doganiere v. United States, 914 F.2d 165, 169 (9th Cir. 1990)). This Court finds that Petitioner is not challenging the legality of his sentence, but rather, is challenging the implementation of his sentence.

Petitioner does not argue that this Court was without jurisdiction to recommend or implement his sentence.  Nor does he argue that the length of his sentence was unconstitutional.  Nor could he, as his sentence falls well short of the 10-year statutory maximum authorized by law, although this Court exceeded the advisory guidelines for confinement.  Petitioner is contesting the BOP's decision to incarcerate him in a penitentiary instead of an FCI, alleging that this is a violation of due process.

A sentencing recommendation by the court is advisory. The BOP has the discretion to designate the place of imprisonment.[2] 18 U.S.C. § 3621(b). The BOP also has the authority to carry out the substance abuse treatment sentence, 18 U.S.C. § 3621(e)(1), and the BOP *may* reduce the prisoner's sentence after completion of the treatment program. 18 U.S.C. § 3621(e)(2)(B). However, a prisoner has "no constitutional or inherent right" to be released prior to completing the full sentence term." McQueary v. Blodgett, 924 F.2d 829, 834 (9th Cir. 1991) (citing Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 9 (1979)). Nor does a prisoner have a constitutional right to be housed in the prison of his choice. See Meachum v. Fano, 427, U.S. 215, 225-27 (1976). Therefore, the BOP's deviation from this Court's recommendation is not a sentencing violation that gives rise to a Constitutional claim under Section 2255. If a claim for relief is based on something other than constitutional error or lack of jurisdiction, then that claim may only be brought if it constitutes a "fundamental defect which . . . results in a complete miscarriage of justice . . . ." Hill v. United States, 368 U.S. 424, 428 (1962). Although it may be true that Petitioner is not currently receiving the level of treatment originally envisioned by this Court,

---

[2] This was explained to Mrs. Welch by the District Court of Hawai`i in a letter dated August 8, 2005.

Petitioner has not been deprived of due process.  Petitioner's claims are not cognizable under Section 2255.

Petitions that challenge the execution of the sentence must be brought pursuant to 28 U.S.C. § 2241.[3]  Hernandez v. Campbell, 204 F.3d 861, 865 (9th Cir. 2000); Porter, 244 F.3d at 1007 (citing United States v. Giddings, 740 F.2d 770, 772 (9th Cir. 1986)).  A Section 2241 motion must be filed in the district that has jurisdiction over the petitioner's custodian.  See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 495 (1973); Giddings, 740 F.2d at 772.  The United States Penitentiary in Victorville, California is located in San Bernadino county.  Therefore, proper venue for Petitioner's Motion lies in the Central District of California, Eastern Division.  See 28 U.S.C. § 84.

When an action is filed in the wrong district, the district court may dismiss the action, or, for the convenience of parties and in the interests of justice, the district court may use its discretion to transfer a civil action to any other district where it might have been properly brought.  28 U.S.C. §§ 1404(a), 1406.  Ordinarily, transfer, rather than dismissal, is in the interest of justice when the

---

[3] Petitioner himself acknowledges that the BOP's decision to incarcerate him in USP Victorville is a § 2241 matter.  (Mem. in Sup. of Pet. at 4.)

motion may properly be brought in another district.  Miller v. Hambrick, 905 F.2d 259, 262 (9th Cir. 1990).

This Court notes the difficulty that a pro se prisoner may have in preparing and refiling a complaint.  In the interests of justice, this action will be transferred to the proper district.  Accordingly, pursuant to 28 U.S.C. § 1406(a), the Clerk of Court is directed to TRANSFER this action to the United States District Court for the Central District of California, Eastern Division.

        IT IS SO ORDERED.

        Dated:  Honolulu, Hawaii, June 19, 2006.



_____
David Alan Ezra
United States District Judge

Welch v. United States, CV. No. 06-00149 DAE-KSC; CR. NO. 04-00211 DAE; ORDER OF TRANSFER; dmp/2255 Welch 04cr211